GORDON T. CAREY, JR.
Attorney at Law
1020 SW Taylor Street, Suite 375
Portland, OR 97205
Telephone: (503) 222-1415
Fax (503) 222-1923
E-mail: gordon@gordoncarey.com
OSB No. 771331
    Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DAVID DEGMAN,<br><br>                     Plaintiff,<br><br>v.<br><br>COSCO (Singapore), PTE., LTD., also known as COSCO CORPORATION (Singapore), LTD., a foreign company, COS FAIR SHIPPING, PTE., LTD., a foreign company,<br><br>                    Defendants. | IN ADMIRALTY<br><br>Case No. 3:13-cv-2268<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**<br>**(Negligence)**<br><br>**Demand for Jury Trial** |

    Plaintiff, David Degman, by and through the undersigned counsel, alleges as follows:

    1.    Plaintiff David Degman, a seaman, is a resident of Banks, Washington County, Oregon.

Page 1 - COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES (NEGLIGENCE)

2. At all material times mentioned herein, defendant Cosco (Singapore), Pte., Ltd., also known as Cosco Corporation (Singapore), Ltd. (hereinafter "Cosco") was a foreign company with its principal place of business in Singapore. Cosco was, at all material times, engaged in the business of owning and managing ocean-going cargo vessels.

3. At all material times mentioned herein, defendant Cos Fair Shipping, Pte., Ltd. (hereinafter "Cos Fair Shipping"), was a foreign company with its principal place of business in Singapore. Cos Fair Shipping was, at all material times, the owner and/or manager of the M/V COS FAIR, an ocean-going cargo vessel, and was engaged in the business of owning and managing the M/V COS FAIR.

4. At all material times mentioned herein, defendants owned, managed, operated and/or controlled the M/V COS FAIR, which is home ported in Singapore.

5. In August 2011, defendants caused the M/V COS FAIR to sail to the Port of Portland in Portland, Oregon on the Columbia River for the purpose of loading grain at the Cargill Grain Elevator (Irving Dock). The Cargill Grain Elevator is owned by Cargill, Incorporated (hereinafter "Cargill"). Cargill employed Rogers Terminal & Shipping (hereinafter "Rogers") to load grain on the M/V COS FAIR.

Rogers employed plaintiff David Degman as a longshoreman to assist in the loading of the M/V COS FAIR.

6. On August 15, 2011, plaintiff was attending to his duties aboard the M/V COS FAIR when a control lever broke, causing him to fall backwards off the control platform, land on the deck below resulting in severe and permanent injuries to his neck, back, and hip.

7. Defendants were negligent in, *inter alia,* as follows:

(a) Failing to exercise reasonable care to ensure that the ship and equipment were in such condition that an experienced stevedore in the exercise of reasonable care, could carry on its operations safely;

(b) Failing to protect and maintain the ship's gear and machinery, and protect it from weather and wear, such that it could be operated safely by the crew and/or a stevedore;

(c) Failing to inspect the ship's gear and machinery, and replace it when it became unsafe and could not be operated safely by the crew or stevedore; and

(d) Failing to warn the stevedore that the control lever was worn and weathered, and could break under normal use.

8.  As a result of the negligence of defendants, plaintiff was hurt and injured in his health, strength, and activity, sustaining permanent injury to his neck, back, and hip, all of which injuries have caused and continue to cause plaintiff permanent and total disability, pain and suffering all to his damages in the amount of $1,000,000.

9.  As a further result of said incident, plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and plaintiff will require such services indefinitely in the future. The cost and reasonable value of the health care services received by plaintiff to date are $28,000 and plaintiff will incur additional medical expenses in the future in the amount presently estimated to be $100,000. Plaintiff prays leave to amend at trial to conform to the proof.

10. As a further result of said incident, plaintiff has suffered lost wages in the amount of $210,000 and will continue in the future to suffer loss of income in the amount presently estimated to be $1,320,000, and loss of non-market services of $250,000. Plaintiff prays for leave to amend at trial to conform to the proof.

WHEREFORE, plaintiff prays for judgment against defendants and each of them as follows:

1.  For general damages of $1,000,000;

2. For special damages in the amount of $1,908,000;

3. For pre-judgment and post-judgment interest; and

4. For costs and disbursements.

DATED: December 20th, 2013.

                                              Respectfully submitted,

                                              *Gordon T. Carey, Jr.*
                                              Gordon T. Carey, Jr., OSB No. 771331
                                              Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the court, and serve it on all associated counsel.

I certify under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Signed at Portland, Oregon this 20th day of December, 2013.

/s/ *Cheri M. Brown*
Paralegal
Gordon T. Carey, Jr., P.C.
1020 SW Taylor, #375
Portland OR 97205
Telephone: 503-222-1415
Facsimile:  503-222-1923
Email: Gordon@gordoncarey.com